IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BILL KIRBY, § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. 3:03-CV-3010-L |
| § | |
| SBC SERVICES, INC., § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Reconsideration, filed May 9, 2005. After careful consideration of the motion, response, record and applicable law, the court **denies** Plaintiff's Motion for Reconsideration.

**I.    Background**

Plaintiff Bill Kirby ("Plaintiff" or "Kirby") filed suit against Defendant SBC Services, Inc. ("Defendant" or "SBC"), his former employer, on December 18, 2003. He claimed that SBC violated the Age Discrimination in Employment Act ("ADEA") , 29 U.S.C. §§ 621, *et. seq*. and the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, *et. seq*., by terminating him because of his age and to prevent him from receiving pension benefits. SBC stated that Kirby was terminated for his violations of the company e-mail and Internet use policies. On April 27, 2005, the court granted SBC's motion for summary judgment after determining that Kirby failed to establish a *prima facie* case of age discrimination under the ADEA and also failed to establish a *prima facie* case of discrimination pursuant to 29 U.S.C. § 1140 ("section 510"), the ERISA anti-retaliation and anti-interference provision. That same day, the court issued a judgment dismissing Kirby's suit with prejudice.

**Memorandum Opinion and Order - Page 1**

On May 9, 2005, Kirby filed a motion for reconsideration. As there was no trial held, his motion is really a motion to reconsider the court's entry of summary judgment and will be treated as a motion to amend or alter the judgment pursuant to Fed. R. Civ. P. 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). In his motion, Kirby requests the court to "find that it has committed errors of fact and law" and therefore "withdraw its summary judgment decision and send the case to trial." Mot. for Recons. at 2. Kirby complains that the court made the following errors:

1. failed to apply the correct summary judgment standard;
2. overruled as moot Kirby's objections to SBC's summary judgment evidence, but then relied upon such evidence in making its determination;
3. improperly found that Kirby abused SBC's internet policy;
4. improperly discounted Kirby's disparate treatment evidence;
5. wrongfully applied the "pretext-plus" legal standard;
6. forced Kirby to present direct evidence instead of allowing him to present circumstantial evidence;
7. improperly required Kirby to present evidence that similarly situated employees had violated the same policy for which Kirby was fired;
8. improperly found that SBC had a discernible policy delineating the level of sexual content in e-mail communication and Internet use that is unacceptable;
9. undervalued Kirby's proximity evidence;
10. misapplied the elements of Kirby's ADEA claim.

*See* Mot. for Recons. at 3-14.[1] SBC contends that Kirby's motion for reconsideration should be denied because he has not shown that the court's decision contains an error of law or fact or that manifest injustice will result if the court does not alter its judgment. Def.'s Resp. to Pl.'s Mot. for Recons. ("Def.'s Resp.") at 3.

---

[1]The court notes initially that in ruling on Kirby's motion for reconsideration, it did not consider any evidence that was not part of the summary judgment record. *See* Tr. of Hr'g at 30-31. Thus, the court did not consider evidence sought to be introduced for the first time in the motion for reconsideration, including the excerpts taken from pages 64, 68, and 69 of the deposition of Cathy Davis. *See* Resp. to Mot. for Recons. at 3 n.6.

**Memorandum Opinion and Order - Page 2**

The court held a hearing on December 15, 2005 ("hearing") concerning Kirby's motion for reconsideration.² At the hearing, Kirby withdrew or abandoned contentions 3, 5, 6, 7, 8, and 10, as listed above. Accordingly, the following issues are before the court:

- whether the court applied the correct summary judgment standard;

- whether, in reaching its decision, the court relied upon evidence to which Kirby objected and the court overruled as moot;

- whether the court misapplied the elements of Kirby's ADEA claim;

- whether the court improperly discounted Kirby's disparate treatment evidence;

- whether the court undervalued Kirby's proximity evidence in disposing of his section 510 claim.

## II. Standard

Pursuant to Fed. R. Civ. P. 59, "[m]otions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted).³ Such motions may not be used to relitigate issues that were resolved to the movant's dissatisfaction.

---

²Kirby's motion contains several unwarranted criticisms of the court made by John Polewski, Kirby's attorney. For example, Mr. Polewski stated that the court accepted SBC's position "without any critical analysis whatsoever . . . ." Br. in Supp. of Mot. For Recons. ("Brief") ¶ 15d. He also stated that "it is clear that the court is not looking at evidence in this case . . . ." *Id.* ¶ 15b. Moreover, he stated that "[b]y summarily dismissing - indeed, ignoring - objections to ridiculously flawed evidence, declaring the objections 'moot,' but accepting the flawed evidence as gospel, this court has turned the standard for summary judgment on its head . . . ." *Id.* at Summary and Conclusion.

The court determines that the language contained in these statements goes beyond effective advocacy and instead disrespects the court and mocks its opinion. Counsel's statements violate the standards of practice to be observed by attorneys appearing in civil actions in the Northern District of Texas, as set forth in *Dondi Properties v. Comm Savs. & Loan Ass'n*, 121 F.R.D. 284, 287 (N.D. Tex. 1988). To make matters worse, Mr. Polewski, rather than appear at the hearing to explain why he used such a scathing tone, "cut and ran" by hiring another attorney, Mr. Thad D. Spalding, to argue the motion. Counsel must learn how to disagree with the court without being disagreeable. The court admonishes Mr. Polewski that the tone of his brief is unacceptable. If Mr. Polewski appears before the court again and chooses to use a similar tone, he should be prepared to "face the music."

³It is undisputed that the issues of (1) an intervening change in the law; and (2) newly discovered evidence are not before the court.

**Memorandum Opinion and Order - Page 3**

*Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *See generally* 11 C. WRIGHT, A. MILLER & M. KANE § 2810.1 at 127-28 (2d ed. 1995); *see also Simon*, 891 F.2d at 1159. District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993); *see also Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

## III. <u>Analysis</u>

The court granted summary judgment for SBC as to Kirby's ADEA claim because it determined that Kirby failed to establish, or raise a genuine issue of material fact, that he was otherwise discharged because of his age.[4] Likewise, the court granted summary judgment for SBC as to Kirby's ERISA claim because it determined Kirby failed to establish, or raise a genuine issue of material fact, that SBC had the specific intent to terminate him in order to prevent him from gaining benefits he would otherwise be entitled to under an ERISA plan, and therefore could not establish an essential *prima facie* element of a section 510 claim. Kirby questions the correctness of the court's decision to grant SBC's motion for summary judgment in his Rule 59(e) motion,

---

[4] The court determined that because Kirby's replacement was (i) within the protected class, and (ii) older than he, his only alternative for establishing the fourth prong of a *prima facie* case of age discrimination was to show he was "otherwise discharged because of his age." *See* Order at 10.

**Memorandum Opinion and Order - Page 4**

contending that the court committed manifest errors of law and fact in granting SBC's motion for summary judgment.

### A. The Court Did Not Apply the Wrong Summary Judgment Standard

Kirby contends that the court erred by failing to apply the correct summary judgment standard. The court disagrees. Kirby relies on the wrong legal standard throughout his brief to his motion for reconsideration. Kirby asserts that the court erred by refusing to "deny summary judgment if there was even a <u>scintilla</u> of evidence to support his case." *See* Br. at 14-15 (underline in original). This is an incorrect statement of the law. The standard for granting summary judgment "mirrors the standard" for granting judgment as a matter of law ("JMOL") such that "the inquiry under each is the same." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250-51 (1986)). "The mere existence of a scintilla of evidence in support of [a] plaintiff's position will be insufficient" to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252.[5] Kirby further stated the following:

> [T]he court . . . weighed the evidence in the record and granted summary judgment in movant's favor because the non-movant Plaintiff could not prove (imposing the burden of proof - preponderance of the evidence - instead of the burden of persuasion - a mere scintilla) the elements of his claims.

*Id*. Once again, Kirby is incorrect. A summary judgment nonmovant "cannot satisfy" his burden of setting forth specific facts showing a genuine issue of material fact with "only a scintilla of evidence." *Freeman v. Texas Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004).[6] The court

---

[5] A court should render judgment as a matter of law when "a party has been fully heard on an issue and there is *no legally sufficient evidentiary basis* for a reasonable jury to find for that party on that issue." *Reeves*, 530 U.S. at 150 (emphasis added) (internal citations and quotations omitted).

[6] Mr. Thad Spalding, Counsel for Kirby at the hearing, conceded that Kirby's brief to his motion for reconsideration relied upon the wrong evidentiary standard. *See* Tr. of Hr'g at 7. In fact, Kirby went so far as to rely upon the Texas Rules of Evidence in making his evidentiary objections, which is incorrect, as the Federal Rules of Evidence and applicable federal case law govern the proper evidentiary standard.

**Memorandum Opinion and Order - Page 5**

determined in its order that Kirby failed to produce sufficient evidence to raise a genuine issue of material fact to defeat summary judgment on his ADEA and section 510 claims. *See* Order at 16. Kirby's reliance upon the incorrect evidentiary standard undermines seriously the merits of any argument he predicates on such standard.

Kirby also contends that the court erred by (1) failing to view all inferences drawn from the factual record in the light most favorable to him as the nonmoving party; and (2) making credibility determinations and weighing the evidence. He asserts that, because of these errors, the court reached its decision by stacking inferences in favor of SBC. *See* Mot. for Recons. ¶ 7a; Br. ¶ 9. The court disagrees. The court set forth the applicable summary judgment standard in Section II of its order of April 27, 2005 ("order"). Upon review, the court determines that it viewed all inferences drawn from the factual record in the light most favorable to Kirby, the nonmoving party, as required by *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Likewise, the court did not make credibility determinations or weigh evidence. Instead, it applied the substantive evidentiary standard applicable to Kirby's ADEA claim and his section 510 claim and determined that a reasonable jury could not find for Kirby on either claim. *See Anderson*, 477 U.S. at 255. For the reasons stated herein, Kirby's argument that the court applied the incorrect summary judgment standard is without merit.

### B.  Kirby's Arguments Regarding his Objections are Without Merit

Kirby contends that the court erred by ignoring his objections to SBC's summary judgment evidence, overruling them as "moot," and relying on evidence to which Kirby objected in granting

**Memorandum Opinion and Order - Page 6**

SBC's motion for summary judgment. The court addressed Kirby's objections to SBC's summary judgment evidence in Section III, Part E of its order, which is set forth below:

> Both parties have filed objections to the opposing party's summary judgment evidence. The court has previously set forth the applicable standard for competent summary judgment evidence. If the summary judgment evidence did not meet the standard or applicable rules of evidence for summary judgment motions, the court did not consider it, and such evidence played no part in the court's ruling. The court therefore **overrules as moot** Plaintiff's Objections to Defendant's Summary Judgment evidence and **overrules as moot** Defendant SBC Services, Inc.'s Objections to Plaintiff's Evidence. Moreover, even if the court considers Plaintiff's evidence to which Defendant has made objections, it would reach the same result.

*See* Order at 15-16 (bold in original). The court did not desire to include in its order a discussion of objections which were borderline-frivolous or specious. In light of the motion for reconsideration, the court will undergo a detailed analysis of Kirby's objections.

In his briefing, Kirby stated in a conclusory fashion that the court erred in overruling as moot each of his objections. *See* Mot. for Recons. ¶ 7b; Br. ¶ 15.[7] Later, at the hearing, Kirby stated that "the only evidentiary objection in issue" concerns the affidavit of Hilda Ramirez, the Associate Director of Ethics and Compliance for SBC Management Services, Inc.. *See* Tr. of Hr'g at 22-23. Kirby complains that the court erred in overruling as moot his objection to Ramirez's affidavit and failing to strike the affidavit from the record. In her affidavit, Ramirez stated that "in other cases that I had reviewed across the Company where employees were discovered to have received and transmitted sexually explicit or otherwise offensive e-mail as had Kirby, the employees had been terminated in every instance." *See* App. to Def. SBC Services, Inc. Br. in Supp. of Mot. for Summ.

---

[7]The court notes that in paragraph 15 of his brief, Kirby appears to limit his argument "to the issue of pretext." Br. ¶ 15. Kirby's arguments relating to pretext bear little relevance. *See* Tr. of Hr'g at 39-40. Under the *McDonnell Douglas* burden shifting framework, because Kirby failed to establish a *prima facie* case for his ADEA claim and his section 510 claim, the court's inquiry ends, and it need not address the issue of pretext. Accordingly, the court has considered Kirby's contention only as it applies to his attempt to establish his *prima facie* burden.

**Memorandum Opinion and Order - Page 7**

J. ("Def.'s App.") at 162. Kirby complains that the court erred by considering this statement and the testimony of other SBC employees, including Cathy Davis, Cynthia Sooter, Richard Frost, and Bill Dempsey, to the extent they relied upon the statement to make the same assertion. *See* Tr. of Hr'g at 22-23. Although Kirby originally made numerous objections to the affidavits of other SBC employees, including Cynthia Davis, Cynthia Sooter, Richard Frost, Bill Dempsey, he withdrew or abandoned these objections at the hearing except insofar as such SBC employees relied upon Ramirez's statement to assert that all other SBC employees who committed the same conduct that Kirby committed had been terminated. *See* Tr. of Hr'g at 22.[8]

Kirby contends that Ramirez was incompetent to render the affidavit testimony since she is employed by SBC Management Services, Inc. instead of SBC Services, Inc., which employed Kirby. *Id.* at 10; *See* Pl.'s Objections to Def.'s Summ. J. Evidence ("Pl.'s Objs") ¶¶ 1.1-1.6, 5.1-5.5. He complains that Ramirez failed to indicate whether treatment of employees "across the Company," as used in her affidavit, refers solely to treatment of employees within SBC Management Services, or to treatment of employees within the entire SBC umbrella of entities.[9] Pl.'s Objs. ¶ 5.3. SBC counters that "across the Company" refers to "company wide within the family of the SBC Communications companies." Tr. of Hr'g at 17. It argues that there would have been no reason for individuals in other SBC entities to contact her for advice had "across the Company" solely referred

---

[8]At the hearing, Mr. Spalding told the court that Kirby was not making a hearsay objection to Ramirez's statement but was making a hearsay objection to the extent that other SBC witnesses "parrot [Ramirez's] testimony." *See* Tr. of Hr'g at 23-24. Mr. Spalding's objection is moot. It is of no moment that other SBC employees may have repeated Ramirez's statement since her statement already exists as part of the evidentiary record.

[9]According to Kirby, since Ramirez failed to define "across the company" as used in paragraph six of her affidavit, it must be assumed that she refers solely to SBC Management Services. *Id.* Likewise, Kirby argues, the affidavit never indicates that Ramirez was familiar with the specific policies relating to Defendant SBC Services, Inc., the entity for which Kirby worked and the only SBC Defendant in Kirby's lawsuit. *Id.*; Tr. of Hr'g at 17.

**Memorandum Opinion and Order - Page 8**

to SBC Management Services. *Id*. at 18. Upon reviewing the affidavit, it is clear to the court that Ramirez's words refer to SBC as an umbrella entity. Apparently, Kirby disputes this finding and insists that the court erred by failing to view an inference in the light most favorable to him; namely, that Ramirez's words "across the Company" refer solely to SBC Management Services, her employer. *See* Tr. of Hr'g at 10; Pl.'s Objs. ¶ 5.3. As Kirby's position requires an inference that is nonjustifiable and, in fact, unreasonable, the court did not make such inference in his favor. *See Anderson*, 477 U.S. at 255; *Sanstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 901 (5th Cir. 2002).[10]

The court is satisfied that Ramirez's affidavit was made upon personal knowledge and shows affirmatively that Ramirez was competent to testify to the matters stated therein. *See* Fed. R. Civ. P. 56(e); Fed. R. Evid. 602. A district court may rely upon affidavits in the summary judgment context where the affiants' "personal knowledge and competence to testify are reasonably inferred from their positions and the nature of their participation in the matters to which they swore." *DIRECTTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005) (quoting *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990)). Ramirez stated in her affidavit that one of her job duties includes "oversight responsibility for ensuring that *SBC's* policies and procedures governing employee conduct are enforced consistently *across the Company* . . . ." Def.'s App. at 161 (emphasis added). In addition, SBC's various e-mail and Internet policies state in unequivocal

---

[10]Kirby, on the one hand, requests the court to strike Ramirez's affidavit because Ramirez was not employed in the same SBC subsidiary as he was. He has also taken the position that all of the SBC subsidiaries fall under one umbrella. In his affidavit, Kirby acknowledges that when he was "switched" among various SBC subsidiaries during the course of his employment, his service date was not changed for the purpose of calculating benefits to which he was entitled. *See* Pl.'s App. at 2. The statement in Kirby's affidavit effectively serves as a concession that "across the Company," as used by Ramirez, refers to all SBC entities and subsidiaries.

**Memorandum Opinion and Order - Page 9**

language that they apply to all employees of SBC and its subsidiaries.[11] It is therefore clear that Ramirez made the statement at issue - that all other SBC employees who committed the same conduct that Kirby committed had been terminated - within the ambit of her job position and sphere of responsibility. *See Budden*, 420 F.3d at 530; *Diamond Offshore Co. v. A&B Builders, Inc*, 302 F.3d 531, 544 n.13 (5th Cir. 2002). Accordingly, Ramirez's competency as an affiant is reasonably inferable from her affidavit.

Kirby also contends that Ramirez's statement that all other SBC employees who committed the same conduct that Kirby committed had been terminated is conclusory. *See* Pl.'s Obj. ¶ 5.4. SBC counters, stating Ramirez's statement was based upon her personal knowledge and job experience. Tr. of Hr'g at 22. The court agrees with SBC. Here, it is clear that her statement is not conclusory because it was made with personal knowledge. Ramirez's knowledge may be reasonably inferred from her position; namely, her familiarity with SBC's e-mail and Internet policies and her responsibility for ensuring that discipline for violations is applied evenhandedly across SBC and its subsidiaries. *See Budden*, 420 F.3d at 530; Def.'s App. at 161. Accordingly, the court determines that Ramirez's statement is competent summary judgment evidence, which, in turn, renders moot Kirby's complaint that the court erred by considering the affidavits of other SBC employees, including Cathy Davis, Cynthia Sooter, Richard Frost, and Bill Dempsey, to the extent they relied upon the statement to make the same assertion.

---

[11]As was implicit in Section I of its order, the record taken as a whole could only lead a rational trier of fact to find that SBC's e-mail and Internet policies apply to all employees of SBC and its subsidiaries. For example, the document "SBC Internet Access Policies and Guidelines" states that it applies to "SBC Communications Inc., ("*SBC*" *or "the Company"*), regarding access to, and appropriate use of, the public internet *by employees or contractors of SBC and its subsidiaries*." Def.'s App. at 47 (emphasis added). Likewise, the first page of SBC Operating Procedure 113 states that the document applies to "all organizations, employees, and agents of SBC Communications Inc. . . ." Def.'s App. at 78.

**Memorandum Opinion and Order - Page 10**

The court has fully discussed Kirby's objections, except those that have been withdrawn. The result of this additional analysis and consideration of Kirby's objections does not alter the court's original decision.

### C. The Court Did Not Misapply the Elements of Kirby's ADEA Claim

Kirby also contends that the court misapplied the elements of his ADEA age discrimination claim. The court disagrees. The only support Kirby offers for his conclusory assertion is a citation to *Urbano v. Cont'l Airlines*, 138 F.3d 204, 206 (5th Cir. 1998) and general citation to *Reeves*, 530 U.S. 133. *See* Br. ¶ 10. *Urbano* is a Pregnancy Discrimination Act ("PDA") case and is irrelevant to the court's inquiry. Moreover, the court did not violate the *Reeves* standard because it afforded Kirby the opportunity to establish the fourth prong of a *prima facie* case of age discrimination by showing he was "otherwise discharged because of his age." *See Machinchick v. PB Power, Inc.*, 398 F.3d 345, 353 (5th Cir. 2005); *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir. 2003). The court determined that Kirby failed to raise a genuine issue of material fact that he was otherwise discharged because of his age because he provided no evidence of stray remarks, a company plan presenting a more youthful image, company memoranda, inquiries about retirement, or evidence that employees of SBC or its subsidiaries who transmitted sexually explicit or otherwise explicit e-mails were treated more favorably than he was. *See* Order at 10-11.[12] Accordingly, upon

---

[12] The court concedes that a sentence in its April 27, 2005 order conveys an unintended connotation. The sentence states, "[t]o the extent Plaintiff provides any evidence, it is limited to evidence for the purpose of attempting to show that similarly situated persons were treated differently, which, as previously discussed, is not the proper test for an ADEA age discrimination claim." Order at 11. The court did not intend to convey that a plaintiff could not establish a *prima facie* case of ADEA age discrimination by showing disparate treatment. Clearly, if a plaintiff can establish that he was otherwise discriminated against or discharged because of age, he would have met this burden. *See Machinchick*, 398 F.3d at 353 n.26. While Kirby contends that he has shown evidence of disparate treatment, the record is totally devoid of any evidence that the alleged disparate treatment was because of his age. *See Reeves*, 530 U.S. at 141; *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993). The court acknowledges that part of the sentence identified above may have caused confusion and could have been better crafted. Ultimately, even with this confusion, for which the court apologizes, the result remains unchanged. This is because the court conducted a full ADEA disparate treatment analysis

**Memorandum Opinion and Order - Page 11**

review of the record and applicable law, the court determines that it properly applied the ADEA elements.

### D. The Court Did Not Improperly Discount Kirby's Disparate Treatment Evidence

Kirby also contends that the court erred in disposing of his ADEA and section 510 claims by failing to consider Sherill Warmack ("Warmack") as a similarly situated employee whom SBC treated more favorably. *See* Pl.'s Br. ¶ 7c. Kirby argues that both he and Warmack abused SBC's e-mail policy by receiving personal e-mails at work, yet only he was terminated. *Id*.; Tr. of Hr'g at 28-29. SBC counters, reasoning that unlike Warmack or other employees who received sexually explicit or otherwise offensive e-mails, Kirby took the extra step of transmitting such e-mails to others. Def.'s Resp. ¶ 6; Tr. of Hr'g at 31.

Kirby failed to establish Warmack was similarly situated because he did not demonstrate that she, like Kirby, received sexually explicit or otherwise offensive e-mails *and then distributed such e-mails to others*. *See* Order at 11 n.8. A bright line separates receiving sexually explicit material via e-mail from taking the affirmative action of e-mailing such material to others. *See* Tr. of Hr'g at 27. The court's view does not change when it takes as true that SBC initially told Kirby he was being terminated for "abuse of the e-mail policy" and only later stated that he abused the policy because of the content and volume of the e-mails he transmitted. This is because the sexual explicit nature of the e-mails Kirby transmitted necessarily relates to their "content." *See* Tr. of Hr'g at 45.

The bottom line is that Kirby attempted to portray SBC employees who committed *de facto* violations of SBC's e-mail policy by receiving and transmitting jokes, cartoons, and audio and video attachments via e-mail as similarly situated. He failed, however, to produce competent summary

---

pursuant to *Machinchick*, 398 F.3d at 353 n.26. *See* Order at 11 n.7-8; 14 n.11; 15 n.12.

**Memorandum Opinion and Order - Page 12**

judgment evidence raising a genuine issue of material fact that any employee of SBC or its subsidiaries received discipline besides termination for *transmitting sexually explicit e-mails*. Kirby also failed to produce evidence that any other employee transmitted a similar volume of sexually explicit e-mails, whether it be the number of such e-mails sent, or the size of individual e-mail attachments.[13]  *See* Tr. of Hr'g at 46.

The court acknowledges that at the hearing, Mr. Spalding, Kirby's attorney, pinpointed a portion of Warmack's deposition in which she mentioned that 'Vicki Cole' ("Cole") had forwarded her e-mails similar in content to "Playboy cartoons." *See* Tr. of Hr'g at 36-38; Pl.'s App. at 127. Mr. Spalding told the court, "I don't know who [Vicki Cole] is." Tr. of Hr'g at 38.[14]  Although Warmack admitted receiving e-mails similar to "Playboy cartoons" from Cole, nothing in the record indicates that Warmack transmitted these e-mails to others. *See* Pl.'s App. at 127. Accordingly, Kirby failed to establish that Warmack, or another employee of SBC or its subsidiaries, was a similarly situated employee who was treated more favorably. *See Machinchick*, 398 F.3d at 353 n.26.

Moreover, even if the court were to determine that Kirby presented evidence of disparate treatment, the record is totally devoid of evidence suggesting a nexus between his age and the disparate treatment. A plaintiff who alleges disparate treatment evidence to prove ADEA age

---

[13]SBC began investigating Kirby's e-mailing only after Kirby sent e-mail attachments exceeding the size limit prescribed by SBC's monitoring software. *See* Tr. of Hr'g at 33.

[14]While Kirby stated in his deposition that Cole was one of his "peers," and therefore presumably an SBC employee, he did not present evidence concerning Cole's age, pension status, or discipline she received for violating SBC's e-mail and Internet policies. *See* Def.'s App. at 11-12. Accordingly, Kirby did not present evidence showing that Cole was a similarly situated employee who was treated more favorably. As the court stated at the hearing, Kirby could have ascertained information concerning Cole through the discovery process. *See* Tr. of Hr'g at 46-47; *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 697 (5th Cir. 2003).

**Memorandum Opinion and Order - Page 13**

discrimination cannot succeed unless the employee's age "actually played a role in [the employer's decisionmaking] process and had a determinative influence on the outcome." *Reeves*, 530 U.S. at 141 (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)); *see also Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004). In other words, "there is no disparate treatment under the ADEA when the factor motivating the employer is some feature other than the employee's age." *Biggins*, 507 U.S. at 609. Accordingly, even if Kirby presented evidence that he and a similarly situated employee both transmitted sexually explicit e-mails, but that SBC only terminated him, such evidence, standing alone, in no way indicates that Kirby's age "played a role" in the termination decision. *See Reeves*, 530 U.S. at 141; *Biggins*, 507 U.S. at 609. Insofar as Kirby's motion for reconsideration alleges that the court failed to consider proper disparate treatment evidence, it should be denied.

### E. The Court Did Not Undervalue Kirby's Proximity Evidence in Disposing of his Section 510 Claim

Kirby finally contends that the court erred by granting summary judgment on his section 510 claim because it failed to assign sufficient weight to the proximity evidence he produced. With respect to proximity, Kirby cited three cases in support of his contention that the time period between his termination and his benefit eligibility date gave rise to an inference of discrimination: (1) *Humphreys v. Bellaire Corp.*, 966 F.2d 1037 (6th Cir. 1992); (2) *Biggins v. Hazen Paper Co.*, 953 F.2d 1405 (1st Cir. 1992), *vacated*, 507 U.S. 604 (1993), *remanded to* 30 F.3d 126 (1st Cir. 1994); (3) *Dister v. Continental Group, Inc.*, 859 F.2d 1108 (2d Cir. 1988).[15] In these cases, the time period between the plaintiff's termination and his benefit eligibility date was "two months"; "within

---

[15]Kirby cited no cases in his response concerning the issue of temporal proximity, but he cited the three cases at the hearing, none of which is binding authority on this court.

**Memorandum Opinion and Order - Page 14**

weeks"; and "four months and seven days," respectively. *See Humphreys*, 966 F.2d at 1044; *Biggins*, 953 F.2d at 1416; *Dister*, 859 F.2d at 1115. Nine months and thirteen days was the time period between February 2, 2000, the date Kirby was terminated, and November 15, 2000, the date he would have become eligible for SBC's early pension and retirement program ("EPR"). *See* Pl.'s App. at 1, 11. The longest time period to raise a factual question in the cases cited by Kirby is four months and seven days, which is less than one-half the time period in question in this case.[16]

In its order, the court stated that "[w]hile proximity of time may be a factor, it is not the determining factor." *See* Order at 14 n.10. The court acknowledges that it should have stated, "although proximity of time is a factor, it is not necessarily the determining factor," or words to this effect. This difference, however, is of no moment in Kirby's case. The court considered Kirby's contention that SBC saved $550,833.91 by terminating him on February 2, 2000 to be relevant, but ultimately decided that such evidence was not enough to carry the day. *See* Pl.'s Compl. ¶ 3.2; Pl.'s Resp to Def.'s Mot. for Summ. J. ¶ 7.4; *Hortzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 260 (5th Cir. 2001) (stating a plaintiff "must show that the loss of benefits was more than an incidental loss from his discharge").

The court stands by its decision that SBC's termination of Kirby nine months and thirteen days before he could have become eligible to receive benefits was insufficient to raise a genuine issue of material fact that SBC possessed the specific discriminatory intent to deny him ERISA benefits. *See Rogers v. International Marine Terminals, Inc.*, 87 F.3d 755, 761 (5th Cir 1996)

---

[16] The record indicates that Kirby would have been "service pension eligible" on March 16, 2001, which was one year, one month, and two weeks after his termination. Pl.'s App. at 9. Mr. Spalding conceded at the hearing that the November 15, 2000 date was the EPR date, which was the earliest date Kirby could have retired and received benefits. Tr. of Hr'g at 58.

**Memorandum Opinion and Order - Page 15**

(holding "proof of a defendant's specific discriminatory intent" is an "essential element"). Kirby did not present evidence, or even aver in his affidavit, that Cathy Davis, Cynthia Sooter, Richard Frost, Bill Dempsey, or others who took part in the termination decision knew of his retirement plans or of the proximity to his benefit eligibility date. Moreover, evidence in the record establishes that the EPR option was first discussed on August 17, 2000, over six months *after* Kirby was terminated on February 2, 2000. Pl.'s App. at 14. As the EPR option was not discussed until six months after Kirby was terminated, those responsible for Kirby's termination did not know that Kirby would have become eligible for retirement on November 15, 2000. *See Id*; Tr. of Hr'g at 57. In other words, the decisionmakers who terminated Kirby did not know at the time of termination that he was, or would be, eligible for early retirement on this date. Accordingly, this lack of knowledge conclusively establishes that the specific discriminatory intent required to establish a *prima facie* case did not exist.

The court made its determination after considering the dearth of evidence presented by Kirby, as well as a record "rife with documents" setting forth that Kirby was terminated for violating SBC's e-mail and Internet policies. *See* Order at 15; *Hypes v. First Commerce Corp.*, 134 F.3d 721, 728 (5th Cir. 1998). Moreover, the court's application of the Fifth Circuit's reasoning in *Evans v. City of Houston*, 246 F.3d 344, 356 (5th Cir. 2001) was reasonable, as it was applied to ensure the court avoided the "phantom distinction" that Kirby accuses it of making. *See* Mot. for Recons. ¶ 18. Accordingly, insofar as Kirby's motion for reconsideration alleges that the court failed to properly value his proximity evidence, such argument is without merit.

**IV.    Conclusion**

**Memorandum Opinion and Order - Page 16**

For the reasons stated herein, the court concludes that Kirby fails to clearly establish a manifest error of law or fact on the part of the court. Accordingly, the court **denies** Plaintiff's Motion for Reconsideration.

**It is so ordered** this 20th day of January, 2006.

Sam A. Lindsay
United States District Judge